## Zoning Ordinance of Borough of Westmont

*DiFrancesco & DiFrancesco*, for plaintiff.

*Spence, Custer, Saylor & Wolfe*, for defendant.

WOLFE, J., March 2, 1960.—On September 21, 1959, the Council of the Borough of Westmont, Cambria County, enacted Ordinance No. 345, an amendment to the existing zoning ordinance of the borough. Complaint as to the legality of this ordinance was filed, and, after preliminary pleadings, an opinion of the court limited the matters in issue to alleged procedural defects in the passage of the ordinance. By case stated, both parties have now agreed that the only procedural question involved is the sufficiency of council's advertised intention to amend its zoning ordinance.

It is agreed that on September 4, 1959, a notice appeared in one newspaper of general circulation, stating that on September 21st the borough council

would hold a hearing for the purpose of determining the advisability of changing certain boundary lines under the zoning ordinance, and "for the purpose of taking action on proposed amendments to said ordinance providing for regulation of trailers, regulation of signboards and billboards, provision for business zone, and elimination of the fee for occupancy permits."

The notice also advertised that interested persons could appear and be heard and that copies of the proposed amendment and boundaries were available in the office of the borough manager.

On September 21, 1959, the amendment to the zoning ordinance was passed. In brief, it defined the types of zones or districts within the borough, contained restrictions as to signboards and billboards, prohibited the use of trailers or other mobile equipment for living quarters, defined certain permitted uses in a "business zone," established yard, area and height regulations in business zones, and made provisions with reference to occupancy permits. This ordinance was vetoed by the burgess and passed finally in council over the veto on October 12, 1959.

The Borough Code of May 4, 1927, P. L. 519, 53 PS §48304, which relates to zoning ordinances, provides, in part, that, "At least one week and not more than three weeks prior to the presentation of the proposed ordinance an informative notice of intention to consider such proposed ordinance and a brief summary setting forth the principal provisions of the proposed ordinance in such reasonable detail as will give notice of its contents, and a reference to the place or places within the borough where copies of the proposed ordinance may be examined shall be published in the manner provided by law for the publication of ordinances."

All of the above is contained in section 3304 of The Borough Code, as amended. Section 3305 of the code,

as added, provides that the regulations, restrictions and boundaries of a zoning ordinance may, from time to time, be amended, supplemented, changed, modified or repealed. There is no provision in this section for advertising.

The question now before the court is whether advertising of a proposed amendment to a zoning ordinance is required, and, if so, whether the advertising in this present case was sufficient.

Zoning ordinances are on a different footing than most ordinances so far as advertising is concerned. Generally, a borough ordinance need not be advertised in advance of its proposed passage. Advertising after enactment is sufficient. A special requirement of advance notice applies to zoning ordinances so that citizens interested in the proposed zones and regulations within zones may appear and be heard before the ordinance is finally passed. However, once a general zoning ordinance has been passed, there is no provision in the statute for advertising proposed amendments. It may be that the legislature felt that further advertising was unnecessary, since the changes, usually, would not be of the scope or extent of an original zoning ordinance, and there would not be the same widespread public interest in advance notice, and discussion, prior to passage. Original zoning ordinances are of such general concern that notice may produce an expression of views helpful to the passage of a finally acceptable code. On the other hand, amendments to an existing code commonly have a narrower application, and there is less to be accomplished through advance notice and discussion. In Labell v. Norristown Borough, 73 Montg. 170, it was held that the requirement of notice by publication as to zoning ordinances was discretionary as to amendments. That decision is based upon the provision in section 3304 of The Borough Code that "the procedure set forth relating to the

adoption of the ordinance may likewise be adopted in amending, supplementing, or repealing any of the provisions of the ordinance." The court reasoned that since an earlier paragraph of this section provided that notice of original proposed zoning ordinances "shall be published" and then in the same section provided that the procedure relating to the adoption of original ordinances "may likewise be adopted" for amendments, the requirement of notice was discretionary and not mandatory for amendments.

Though there thus appears to be some basis for deciding that an amendment to a zoning ordinance need not be advertised in advance, such a decision is not necessary in this case, because, admittedly, there was an advertisement. That advertisement notifies the citizens of the borough that a proposed amendment would be taken up on September 21, 1959, relating to the changing of certain boundary lines under the zoning ordinance and "providing for regulation of trailers, regulation of signboards and billboards, provision for business zone, and elimination of the fee for occupancy permits." An examination of the amendment shows that these were the subjects actually covered in the amendment. Articles 4 of the amended ordinance specifies the type of zones, including a "business zone." Article 5 of the amendment relates to signboards and billboards and the restrictions on their erection. Section 14 of article 5 of the amendment contains a prohibition against the use of trailers or mobile equipment for housing. Article 8 of the amendment describes the permitted uses in a business zone. Article 9 of the amendment provides yard, area and height regulations in a business zone. Article 10 of the amendment relates to occupancy permits. The other amendments simply change the article numbers in the zoning ordinance and do not contain any changes in the existing zoning regulations.

The residents of the borough, therefore, had notice of the general subject matter of the amendment and could have appeared and presented their views. Moreover, the notice announced that copies of the proposed amendment were available in the office of the borough manager. Anyone interested in the precise nature of the changes to be enacted could have read the proposed ordinance in detail by obtaining a copy at the office of the borough manager. To require more might result in a practice of advertising amending ordinances in full prior to passage. This would be both burdensome and expensive and is exactly what The Borough Code meant to avoid in its direction that there be "an informative notice of intention" and a "brief summary setting forth the principal provisions of the proposed ordinance." Since the act expressly recognizes that it is impractical to require detailed advertising of original zoning ordinances, it would be even less practical to require complete and detailed publication of proposed amendments. We think that it is sufficient that the advertisement of the proposed amendment show the general subjects and categories of change which will be considered. This constitutes the "informative notice of intention" and "brief summary setting forth the principal provisions of the proposed ordinance in such reasonable detail as will give notice of its contents" which are required by the act. Further details are available in the copies which await the interested citizen at the borough manager's office.

The notice in this case meets the requirements of the statute, and, since this was the only procedural defect complained of, we enter the following:

*Decree*

And now, March 2, 1960, plaintiff's complaint raising objections to Ordinance No. 345 of the Borough of Westmont, Cambria County, enacted on September 21, 1959, is hereby dismissed.